UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN ANBAR, an individual,<br><br>　　　　　　　　　Plaintiff,<br>　vs.<br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE; ONEWEST BANK, FSB; INDYMAC MORTGAGE SERVICES; MERIDIAN FORECLOSURE SERVICE F/K/A MTDS, INC., A CALIFORNIA CORPORATION DBA MERIDIAN TRUST DEED SERVICE; AND DOES 1 THROUGH 50, INCLUSIVE,<br><br>　　　　　　　　　Defendants. | CASE NO. 13cv1318-WQH-RBB<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Emergency Ex-Parte Application for Issuance of a Temporary Restraining Order, and Order to Show Cause Why a Preliminary Injunction Should Not Issue. (ECF No. 10).

**I.　Background**

On June 6, 2013, Plaintiff, represented by counsel, filed a Complaint in this Court. (ECF No. 1). Plaintiff alleges that she is the owner of real property located at 1819 Autumn Place, Encinitas, California, which is encumbered by a Mortgage Note with an outstanding balance of approximately $557,750. The Complaint alleges that "Plaintiff does not dispute that money is owed on the mortgage obligation," but "Plaintiff disputes the amount owed, and seeks the Court's assistance in determining who the holder in due course is of the Note and Deed of Trust." *Id*. ¶ 30. The Complaint alleges the following

claims for relief: (1) Declaratory Relief; (2) Quasi Contract; (3) Negligence; (4) Violation of 15 U.S.C. §1692, *et seq.*; (5) Violation of California Business and Professions Code Section 17200, *et seq.*; (6) Accounting; (7) Cancellation of Instruments; and (8) Quiet Title.

On July 16, 2013, Plaintiff filed an Emergency Ex-Parte Application for Issuance of a Temporary Restraining Order, and Order to Show Cause Why a Preliminary Injunction Should Not Issue ("July 16, 2013 Application for Temporary Restraining Order"). (ECF No. 4). On July 17, 2013, the Court denied the July 16, 2013 Application for Temporary Restraining Order because there had been no showing that the Summons and Complaint had been served upon any Defendant, and Plaintiff failed to demonstrate that the Court had personal jurisdiction over any Defendant. (ECF No. 6).

On July 18, 2013 and July 19, 2013, Plaintiff filed proofs of service, indicating that the Defendants were served with the Summons and Complaint on July 17, 2013 and July 18, 2013. (ECF Nos. 7, 8, 9, 11).

On July 19, 2013, Plaintiff filed a second Emergency Ex-Parte Application for Issuance of a Temporary Restraining Order, and Order to Show Cause Why a Preliminary Injunction Should Not Issue ("July 19, 2013 Application for Temporary Restraining Order"). (ECF No. 10). In the July 19, 2013 Application for Temporary Restraining Order, Plaintiff seeks an injunction "preventing defendants ... from continuing with their nonjudicial foreclosure, and/or conducting a Trustee's Sale of the Subject Property presently scheduled for July 23, 2013." *Id*. at 2.

**II.  Discussion**

When the nonmovant has received notice, as here, the standard for issuing a temporary restraining order is the same as that for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a *clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation omitted). The party seeking

1 preliminary injunctive relief has the burden to show "that he is likely to succeed on the
2 merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that
3 the balance of equities tips in his favor, and that an injunction is in the public interest."
4 *Winter v. NRDC*, 555 U.S. 7, 20 (2008).

The sole legal basis for the July 19, 2013 Application for Temporary Restraining Order is California Civil Code § 2923.6(c) and California Civil Code § 2924.12(a). (ECF No. 10-1 at 11-14). Section 2923.6(c) provides: "If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending." Cal. Civ. Code § 2923.6(c). Section 2924.12(a) provides: "a borrower may bring an action for injunctive relief to enjoin a material violation of Section ... 2923.6...." Cal. Civ. Code § 2924.12(a)(1).

The Complaint contains no claim arising under—or reference to—California Civil Code § 2923.6(c) or § 2924.12(a). The Complaint does not allege that Plaintiff "submit[ted] a complete application for a first lien loan modification offered by, or through, [Plaintiff]'s mortgage servicer," or that "the complete first lien loan modification application is pending." Cal. Civ. Code § 2923.6(c). The Complaint does not allege "an action for injunctive relief to enjoin a material violation of Section ... 2923.6...." Cal. Civ. Code § 2924.12(a)(1). The Court finds that Plaintiff has failed to show a likelihood of success on the merits.

### III. Conclusion

IT IS HEREBY ORDERED that the July 19, 2013 Application for Temporary Restraining Order is DENIED. (ECF No. 10).

DATED: July 22, 2013

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge