1
2
3
4
5
6
7
8
9                UNITED STATES DISTRICT COURT

10              SOUTHERN DISTRICT OF CALIFORNIA

11

12   ROBIN ANBAR, an individual,              CASE NO. 13cv1318-WQH-
                                              RBB
13                              Plaintiff,
                                              ORDER
           vs.
14
     DEUTSCHE BANK NATIONAL
15   TRUST COMPANY, AS TRUSTEE;
     ONEWEST BANK, FSB; INDYMAC
16   MORTGAGE SERVICES;
     MERIDIAN FORECLOSURE
17   SERVICE F/K/A MTDS, INC., A
     CALIFORNIA CORPORATION DBA
18   MERIDIAN TRUST DEED
     SERVICE; AND DOES 1 THROUGH
19   50, INCLUSIVE,

20                             Defendants.

21   HAYES, Judge:

22         The matter before the Court is the Motion to Dismiss Plaintiff's Complaint, filed

23   by Defendants Deutsche Bank National Trust Company, as Trustee, OneWest Bank, FSB,

24   and IndyMac Mortgage Services.  (ECF No. 18).

     I.    **Background**
25
           On June 6, 2013, Plaintiff filed a Complaint in this Court.  (ECF No. 1).  Plaintiff
26
     alleges that she is the owner of real property located at 1819 Autumn Place, Encinitas,
27
     California, which is encumbered by a Mortgage Note with an outstanding balance of
28

1  approximately $557,750.  The Complaint alleges that "Plaintiff does not dispute that
2  money is owed on the mortgage obligation," but "Plaintiff disputes the amount owed, and
3  seeks the Court's assistance in determining who the holder in due course is of the Note
4  and Deed of Trust."  *Id.* ¶ 30.  The Complaint alleges the following claims for relief: (1)
5  Declaratory Relief; (2) Quasi Contract; (3) Negligence; (4) Violation of 15 U.S.C. §1692,
6  *et seq.*; (5) Violation of California Business and Professions Code Section 17200, *et seq.*;
7  (6) Accounting; (7) Cancellation of Instruments; and (8) Quiet Title.  The Complaint
8  alleges that the Court has federal-question subject-matter jurisdiction.[1]

9      On August 13, 2013, Defendant Meridian Foreclosure Service filed a Declaration
10  of Nonmonetary Status.  (ECF No. 16).  The docket reflects that Plaintiff did not file an
11  objection or other response to the Declaration of Nonmonetary Status.[2]

12      On August 22, 2013, all other Defendants filed the Motion to Dismiss the
13  Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 18).  On
14  September 16, 2013, Plaintiff filed an opposition to the Motion to Dismiss, contending
15  that the Motion to Dismiss should be denied or Plaintiff should be given leave to amend
16  the Complaint.  (ECF No. 21).  On September 23, 2013, Defendants filed a reply.  (ECF

17

18      [1]  The Complaint alleges that subject-matter jurisdiction also exists pursuant to
19  the diversity statute.  *See* 28 U.S.C. § 1332(a) (stating that, to invoke diversity
jurisdiction, the complaint must allege that "the matter in controversy exceeds the sum
or value of $75,000, exclusive of interest and costs, and is between ... citizens of
20  different States ... [or] citizens of a State and citizens or subjects of a foreign
state...."). However, the Complaint fails to adequately allege that complete diversity
21  exists between the parties.  *See* Compl., ECF No. 1, ¶¶ 9 (alleging that "Plaintiff is
now, and at all times mentioned herein an individual residing in the County of San
22  Diego"), 10 (alleging that "[a]t all relevant times Defendant Deutsche is a corporation
domiciled in the State of California"), 11 (alleging that "[a]t all relevant times
23  Defendant OneWest is a corporation domiciled in the State of California"), 12
(alleging that "[a]t all relevant times Defendant IndyMac is a division of OneWest and
24  is domiciled in the State of California"), & 13 (alleging that "[a]t all relevant times
Defendant Meridian is a corporation domiciled in the State of Nevada and
25  California").

26      [2]  California Civil Code Section 2924l permits a trustee to declare non-monetary
27  status if the trustee "maintains a reasonable belief that it has been named in the action
or proceeding solely in its capacity as trustee, and not arising out of any wrongful acts
or omissions on its part in the performance of its duties as trustee."  Cal. Civ. Code §
28  2929l(a).  If there is no objection to the declaration within 15 days of filing, the trustee
gains non-monetary status.  *See* Cal. Civ. Code § 2929l(d).

No. 22).

## II.   Discussion

### A.   Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A plaintiff's "grounds" to relief must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

### B.   Fair Debt Collection Practices Act

The Complaint's fourth cause of action alleges Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq.* The Complaint alleges that "Deutsche/OneWest/IndyMac" violated the FDCPA when they "attempt[ed] to collect on Plaintiff's debt obligation" by "[f]alsely representing ... that the debt was owing to Defendants or its principal, ... when in fact, such an assignment had not been accomplished." (ECF No. 1 ¶ 120). Defendants move for the dismissal of the FDCPA

claim, contending that "Plaintiff has not and cannot allege facts demonstrating that Defendants are 'debt collectors' as defined by the FDCPA."  (ECF No. 19 at 21). Plaintiff contends that the FDCPA is applicable to Defendants, because Defendants are not lenders.  (ECF No. 21-1 at 24).

"To be held liable for violation of the FDCPA, a defendant must—as a threshold requirement—fall within the Act's definition of 'debt collector.'" *Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1198 (C.D. Cal. 2008) (citing *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995)).  The FDCPA defines a "debt collector" as "a person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a.  The definition explicitly excludes creditors as well as loan originators or assignees who obtained the right to collect on loan when the loan was not in default. *See* 15 U.S.C. § 1692a(4), § 1692a(6)(A)-(B), § 1692a(ii)-(iii).  "The law is well-settled that creditors, mortgagors, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA." *Aguirre v. Cal-Western Reconveyance Corp.*, No. CV-11-6911, 2012 WL 273753, at *7 (C.D. Cal. Jan. 30, 2012) (quotation omitted).  Similarly, "foreclosing on a property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA." *Izenberg*, 589 F. Supp. 2d at 1199 (quotation omitted); *see also Reed v. Wells Fargo Home Mortg. Inc.*, No. 10-2133, 2010 WL 5136196, at *7 (E.D. Cal. Dec. 10, 2010) ("The activity of foreclosing on a property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA....") (quotation omitted).

The Complaint fails to adequately allege that any Defendant is a "debt collector" pursuant to the FDCPA.  The Motion to Dismiss the cause of action for violation of the FDCPA is granted.

### C.    Remaining Claims

The Complaint alleges six claims pursuant to state law and one claim pursuant to

the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.  "[T]he Declaratory Judgment Act does not by itself confer federal subject-matter jurisdiction." *Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161 (9th Cir. 2005).  As discussed above, the Complaint fails to adequately allege that the Court has diversity subject-matter jurisdiction.  After the dismissal of the FDCPA claim, the sole basis for the Court to maintain jurisdiction over the remaining claims is pursuant to supplemental jurisdiction.

The supplemental jurisdiction statute provides: "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  A district court may decline to exercise supplemental jurisdiction over a claim if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. §1367(c).  In this case, the Court has dismissed the sole claim against Defendants which is capable of conferring federal-question jurisdiction.  The Court declines to exercise supplemental jurisdiction over the remaining claims against Defendants pursuant to 28 U.S.C. §1367(c).  *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction.").  Accordingly, the Motion to Dismiss the remaining claims is granted.

## III.  Conclusion

IT IS HEREBY ORDERED that the Motion to Dismiss Plaintiff's Complaint is GRANTED.  (ECF No. 18).  The Complaint is DISMISSED without prejudice.  No later than twenty (20) days from the date this Order is filed, Plaintiff may file a motion for

1  leave to amend the complaint, accompanied by a proposed first amended complaint.  If

2  Plaintiff does not file a motion for leave to amend the complaint within twenty days, this

3  case shall remain closed without further order of the Court.

4  DATED:  November 4, 2013

5  *William Q. Hayes*

**WILLIAM Q. HAYES**
6  United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28